UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEA SIMMONS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 17-cv-5410 |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| FIRSTSERVICE RESIDENTIAL ) | |
| ILLINOIS, INC. ) | **JURY DEMANDED** |
| ) | |
| Defendant. ) | |

Now comes the Plaintiff, SHEA SIMMONS, by and through his attorneys and for his Complaint against the Defendant, FIRSTSERVICE RESIDENTIAL ILLINOIS, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages and equitable relief and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Specifically, Plaintiff contends that he is an individual within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of his disability and discharged him because of his disability, in violation of the ADA.

**PARTIES**

3. Plaintiff is an individual who at all relevant times resided in Bloomingdale, Illinois.

4. Defendant first employed Plaintiff in 2006. At the time of his termination, Plaintiff was employed by Defendant as Head Doorman at a residential building located at 1841 S. Calumet Avenue, Chicago, Illinois.

5. On information and belief, Defendant is a corporation of the State of Illinois, whose principal place of business is located in Chicago, Illinois.

6. Plaintiff was an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4), as he is an individual employed by an employer, the Defendant herein (as is further alleged below).

7. Plaintiff was a "qualified individual" within the meaning of the ADA, 42 U.S.C. § 12111(8), as he is an individual who, with or without reasonable accommodation, could perform the essential functions of the employment that he held.

8. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is a "person" engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND FACTS

11. On or about May 18, 2016, Plaintiff injured his back while performing duties within the scope of his employment with Defendant.

12. Shortly thereafter, Plaintiff took disability leave from his employment with Defendant due to his work-related injury.

13. On or about May 26, 2016, Plaintiff filed for workers' compensation coverage due to the injury he had sustained while performing duties within the scope of his employment with Defendant.

14. On or about June 10, 2016, Plaintiff began seeing Dr. Sajjad Murtaza ("Dr. Murtaza"), a physician, due pain related to his back injury.

15. Dr. Murtaza ordered Plaintiff to undergo physical therapy and to not return to work until he had fully healed from his back injury.

16. On or about June 24, 2016, Plaintiff began seeing Dr. Thomas Dzielawski ("Dr. Dzielawski"), a chiropractor, for physical therapy to treat his back injury.

17. Plaintiff continued seeing Dr. Dzielawski for physical therapy until approximately July 11, 2016.

18. On or about August 19, 2016, Plaintiff began seeing Dr. Allen Gomez ("Dr. Gomez"), another chiropractor, for physical therapy to treat his back injury.

19. Plaintiff continued seeing Dr. Gomez until he was released to return to work.

20. On or about September 23, 2016, Plaintiff saw Dr. Murtaza again for a follow-up appointment to determine if any progress had been made in his recovery.

21. Dr. Murtaza noted that Plaintiff had not recovered from his injury and ordered that Plaintiff continue to remain off work until his injury had healed.

22. On or about October 7, 2016, Dani Kempf ("Kempf"), an agent of Defendant and Plaintiff's supervisor, contacted Plaintiff to inform him that she was demoting Plaintiff from Head Doorman to working a swing shift.

23. Kempf told Plaintiff that she was demoting Plaintiff because she wanted to place another individual into his position.

24. The woman chosen to be placed into Plaintiff's position had two less years of relevant work experience than Plaintiff.

25. On or about October 14, 2016, Defendant informed Plaintiff that it would be terminating his employment due to "gross misconduct."

26. Defendant, in its termination letter, claimed that Plaintiff had been harassing a resident, making threats to a resident, and making threats to the property manager and other employees.

27. The termination letter did not provide specific details as to dates, times or other details of the alleged gross misconduct.

28. At the time of his termination and for several months prior thereto, Plaintiff could not have been involved in any altercations with residents or staff members, as he had been on disability leave for approximately five months.

29. On or about October 21, 2016, approximately one week after his termination, Dr. Murtaza cleared Plaintiff to return to work.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 29 above as if reiterated herein.

31. Defendant intentionally discriminated against Plaintiff on the basis of his disability in one or more of the following ways:

    a. Failing to reasonably accommodate his disability;

    b. Terminating him while he was on disability leave; and/or

    c. Retaliating against him for taking disability leave.

32. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

33. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a.    Plaintiff filed a Charge of Discrimination, number 440-2017-02867, with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2017.

    b.    The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on May 8, 2017.

Wherefore, Plaintiff, SHEA SIMMONS, respectfully prays this Honorable Court enter judgment against Defendant, FIRSTSERVICE RESIDENTIAL ILLINOIS, INC., as follows:

    a.    Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

    b.    Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c.    Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability;

    d.    Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

    e.    Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

    f.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

    g.    Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

    h.    Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

SHEA SIMMONS

By:   /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        111 West Jackson Blvd., Suite 1700
        Chicago, IL 60604
        Phone: (312) 212-4355
        Fax: (866) 633-0228
        dlevin@toddflaw.com